In the Matter of Najah Mabins, Petitioner, v New York State Department of Motor Vehicles Appeals Board, Respondent. [741 NYS2d 778] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Sedita, Jr., J.), entered September 12, 2001, seeking to annul the determination that petitioner violated Vehicle and Traffic Law § 1111.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner contends in this CPLR article 78 proceeding that the determination that she violated Vehicle and Traffic Law § 1111 is not supported by clear and convincing evidence. "This Court's review of the determination of an administrative agency is limited to whether the determination was supported by substantial evidence" (*Matter of DeOliveira v New York State Dept. of Motor Vehicles*, 271 AD2d 607, 608; *see Matter of Liuzzo v State of N.Y. Dept. of Motor Vehicles Appeals Bd.*, 209 AD2d 618), and the decision of an Administrative Law Judge "to credit the testimony of a given witness is largely unreviewable by the courts" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443; *see Matter of Soto v New York State Dept. of Motor Vehicles*, 203 AD2d 370). "While the testimony offered by the petitioner called into question the police officer's version of the facts, it is not the role of this Court to weigh the evidence presented" (*Liuzzo*, 209 AD2d at 618). The testimony of two police officers that they observed petitioner pass through a red light constitutes substantial evidence that petitioner thereby violated Vehicle and Traffic Law § 1111 (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181). Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.